IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 APR -4 PM 12: 53

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| FIDELITY & GUARANTY LIFE INSURANCE CO., | * |
| Plaintiff, | * |
| v. | * Civil Action No. RDB-17-1508 |
| ABHINAV SHARMA, REQUITELIFE, INC. AND JOHN DOE, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On June 2, 2017, Fidelity & Guaranty Life Insurance Company ("FGLIC") commenced this action against Defendants Abhinav Sharma ("Sharma"), RequiteLife, Inc. ("RequiteLife"), and John Doe for multiple claims, including breach of contract, negligence, conspiracy, fraud, and unjust enrichment. (ECF No. 1.) Defendants Sharma and RequiteLife filed their Answer on July 19, 2017. (ECF No. 12.) Pursuant to the March 15, 2018 deadline in the operative Scheduling Order at the time (ECF No. 15), FGLIC filed the instant Motion for Leave to File Amended Complaint (ECF No. 36) on March 8, 2018. For the reasons stated below, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 36) is GRANTED.

## STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides the general rules for amending pleadings. Specifically, Rule 15(a) requires that, after a responsive pleading is

served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002). The matter, however, is committed to the discretion of the district court, and the district judge may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

## ANALYSIS

Based upon FGLIC's internal investigation in connection with this case and a related case, *Brokerage Insurance Partners, Inc. v. Fidelity & Guaranty Life Insurance Co. et. al.*, Case No. 17-cv-01815-GLR (D. Md. filed June 30, 2017), FGLIC's proposed Amended Complaint (ECF No. 36-4), *inter alia*, (a) provides further details on the fraudulent rebating scheme alleged in the original Complaint, (b) names additional entities and individuals as Defendants, and (c) adds new counts, including an alleged violation of the Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, by some of the proposed Defendants. (ECF No. 36-4.) In moving for leave to file this Amended Complaint, Plaintiff asserts that the Amended Complaint "(1) will not prejudice Defendants; (2) is not made in bad faith, (3) is not futile; (4) protects the consuming public; and (5) is required by the interests of justice." (ECF No. 36-1 at 1.)

Defendants Sharma and RequiteLife, Inc. do not challenge these assertions as to

whether this Court should grant the motion; they simply reserve their right to file an amended answer and to file any motions to dismiss or crossclaims. (ECF No. 52.)[1] Furthermore, the timing of Plaintiff's motion complies with this Court's Scheduling Orders (ECF Nos. 15, 49). Finding no prejudice, bad faith or futility, this Court hereby GRANTS Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 36).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 36) is GRANTED.

Date: April 4, 2018

Richard D. Bennett
United States District Judge

---

[1] The Defendants did not formally "consent" to the motion because the timeframe requested by Plaintiff's Counsel was too short (see Email from Defense Counsel, Ex. A, ECF No. 36-2.), but they have not asserted any substantive objections to this motion.